[786 NYS2d 341]

In the Matter of ELIZABETH J. AUGUSTE (Admitted as ELIZABETH JEANINE AUGUSTE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 27, 2004

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order of this Court dated April 13, 2004, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i), upon a finding that she was guilty of professional misconduct immediately threatening the public interest based upon her failure to cooperate with the Grievance Committee. In that decision and order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues were referred to the Honorable Thomas R. Sullivan, as Special Referee, to hear and report. Within 30 days of its receipt of a copy of that decision and order, the Grievance Committee was directed to serve a petition upon the respondent and the Special Referee, and to file a copy with the Court. The respondent was directed to serve an answer to the petition upon the Grievance Committee and the Special Referee, and to file it with the Court within 10 days of her receipt of the petition. The Grievance Committee now moves for an order against the respondent upon her default in answering the petition.

A petition containing one charge predicated upon the respondent's failure to cooperate was personally served upon her on May 5, 2004. To date, the respondent has failed to serve a copy of her answer to the petition on the Grievance Committee or the Special Referee, or to file it with the Court, notwithstanding the directive in this Court's decision and order dated April 13, 2004, that she was to do so within 10 days after service upon her of the petition. Nor has she requested an extension of time in which to do so.

Although the respondent was served by personal service on June 1, 2004, with a copy of the Grievance Committee's motion to disbar her upon her default, she has failed to serve any response.

Accordingly, the motion is granted, the charge in the petition is deemed established, the respondent is disbarred on default, and, effective immediately, her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and H. MILLER, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elizabeth J. Auguste, admitted as Elizabeth Jeanine Auguste, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Elizabeth J. Auguste, admitted as Elizabeth Jeanine Auguste, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Elizabeth J. Auguste, admitted as Elizabeth Jeanine Auguste, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Elizabeth J. Auguste, admitted as Elizabeth Jeanine Auguste, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).